IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELLA L. WELCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:08-cv-349-TFM |
| | ) |
| GEORGE P. WALTHALL, JR., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 19, filed January 23, 2008) and 28 U.S.C. § 636(c).  Pending before the Court is *Plaintiff's Motion for Summary Judgment* (Doc. 15, filed September 8, 2008) and supporting documentation (Docs. 17 and 18).  Taking into consideration the backdrop of controlling Alabama law, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.

### I.  PARTIES & JURISDICTION

Plaintiff is Ella L. Welch ("Plaintiff" or "Welch") a resident of Biloxi, Mississippi.  Defendant George P. Walthall, Jr. ("Walthall" or "Defendant") is a resident of Autauga County, Alabama which is located within the Middle District of Alabama

The district court has subject matter jurisdiction over the claims in this action pursuant to pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction).  The parties do not contest personal

jurisdiction or venue, and there are adequate allegations to support both.[1]

## II. SUMMARY JUDGEMENT STANDARD

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority*, 161 F.3d 1290, 1294 (11th Cir. 1998). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id.* at 249. Only disputes about the material facts will preclude the granting of summary judgment. *Id.* at 249. A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Slomcenski v. Citibank, N.A.*, 432 F.3d 1271, 1277 (11th Cir. 2005) (quoting *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344-45 (11th Cir. 2003)) ("In

---

[1] In his answer Walthall makes the conclusory statement that this Court lacks jurisdiction because the action relates to a contract entered into by the parties in Autauga County. *See* Doc. 4. However, subsequent to his answer, Walthall admits the court has jurisdiction in his responses to Plaintiff's requests for admissions. *See* Doc. 15, "Requests for Admissions; Doc. 18, "Response to Request for Admissions." Further, the Court is satisfied that diversity jurisdiction has been established and that there is adequate support for both subject matter and personal jurisdiction.

determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.'"). Thus, the initial burden of proof rests on the movant. *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554; *Gonzalez*, 161 F.3d at 1294. This burden is satisfied when the movant shows that if the evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex*, 477 U.S. at 322-23; 106 S.Ct. at 2552-53. The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *see also Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (conclusory assertions in absence of supporting evidence are insufficient to withstand summary judgment). The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the

pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1264 (11th Cir. 2001). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S.Ct. at 2511 (citations omitted). Thus, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus.*, 475 U.S. at 586 106 S.Ct. at 1356 (citations omitted).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the nonmovant. *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003); *Johnson*, 263 F.3d at 1242-43. Further, "all justifiable inferences are to be drawn in [that party's] favor." *Anderson*, 477 U.S. at 255; 106 S.Ct. at 2513; *see also McCormick*, 333 F.3d at 1243 (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the nonmovant). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment <u>must</u> be granted. *Celotex*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. In other words, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Id*. at 322, 106 S.Ct. at 2552.

### III. NATURE OF THE CASE AND DISCUSSION

The underlying facts of this case are necessarily viewed in favor of the nonmovant defendant. On February 21, 2007, Walthall executed a promissory note and agreed to pay

Welch $200,000.00 plus interest at a rate of 7% per annum.  *See* Doc. 15, Exhibit B.  The promissory note provided for a three year term, but could be called at any time by giving a 90-day notice.  On December 18, 2007, Welch called the note and demanded payment in full within 90 days.  Walthall failed to comply.  Consequently, Welch initiated this lawsuit on May 12, 2008.  *See* Doc. 1.

Welch filed her motion for summary judgment on September 8, 2008 and a brief in support on September 11, 2008.  *See* Docs. 15 and 17.  In the pending Motion for Summary Judgment, Welch asserts there is no dispute as to the material facts including the fact Walthall failed to pay as required under the terms of the note and further did not pay when the note was accelerated.  *See* Doc. 17.  Welch supplemented her motion for summary judgment with Walthall's responses to the request for admissions wherein he admits all the above.  *See* Doc. 18.

Walthall timely filed a response on September 29, 2008 and stated he does not dispute the facts or the principal amount of debt owed to Welch.  *See* Doc. 19 at ¶ 1.  Walthall only disputes the calculation of interest.  *Id*. at ¶ 7.  Walthall further states obtaining a judgment will further hinder his efforts to obtain other financing to repay the loan.  *Id*. at ¶ 6.  Welch replied on October 3, 2008 and stated she will accept Walthall's calculation of interest.  *See* Doc. 20.  She further avers that the consequences of judgement on the ability to refinance the debt are not valid grounds to deny or delay the granting of summary judgment.  *Id*.  The motion was fully submitted on October 6, 2008.

Based on the motion and response, the only issue in dispute was the calculation of

interest. In its reply brief, Welch accepts Defendant's calculation of interest through September 29, 2008. *See* Doc. 20. As there are no facts in dispute, summary judgment is proper.

### IV. CONCLUSION

Pursuant to the foregoing *Memorandum Opinion*, the Court grants *Plaintiff's Motion for Summary Judgment* (Doc. 15). It is present intention of the Court to enter a final judgment on December 10, 2008. The parties are **ORDERED** to convene and jointly submit a final calculation of damages using December 10, 2008 as the date of reference. The joint report shall be due on or before **December 8, 2008**.

If the parties are unable to reach an agreement as to the measure of damages, then the Court will convene a hearing on December 10, 2008 at 10:00 a.m. The parties shall notify the Court on December 8, 2008 whether a hearing will be necessary.

DONE this 17th day of November, 2008.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE